IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANDRE HOWELL,            )
                         )
      Petitioner,        )
                         )
      v.                 )         1:10CR445-6
                         )         1:14CV615
UNITED STATES OF AMERICA,)
                         )
      Respondent.        )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On November 22, 2011, this Court (per then-Chief United States District Judge James A. Beaty, Jr.) entered judgment against Petitioner imposing, inter alia, a 117-month prison term, as a result of his guilty plea to Count One of his Indictment (which charged him with conspiracy to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 846), which plea admitted responsibility for 280 or more grams of cocaine base and acknowledged applicability of enhanced statutory penalties due to an information of prior conviction. (See Docket Entry 1 (Indictment); Docket Entry 66 (Information of Prior Conviction); Docket Entry 112 (Plea Agreement); Docket Entry 160 (Judgment); Docket Entry 191 (Plea Transcript); Docket Entry 192 (Sentencing Transcript).)[1] Petitioner filed an untimely notice of

---

[1] Parenthetical citations refer to Petitioner's criminal case. According to Petitioner, at sentencing, he faced a "21 year federal prison sentence [but received] a %55 reduction . . . ." (Docket Entry 213 at 1.)

appeal. (Docket Entry 172.) On April 10, 2012, the Fourth Circuit granted his motion to dismiss his appeal. (Docket Entry 193.) Petitioner did not seek certiorari in the United States Supreme Court. (Docket Entry 242, ¶ 9(g).)

On August 19, 2013, the Court docketed an undated and unsigned letter from Petitioner stating that he "was resently [sic] going over [his] paper work and [he] realized that the government used a few past state convictions and charges to make him a career offender that they (the Gov.) shouldn't have used which ma[de] [him] certain that [he] ha[d] a Simmons claim." (Docket Entry 213 at 1.)[2] The Court promptly dismissed that filing as procedurally-defective and sent Petitioner the proper form for filing a motion under 28 U.S.C. § 2255. (Docket Entries 217, 218, 228.) The Court also denied his request for an extension of time to file a motion under Section 2255, advising that he should act quickly if he sought relief under Section 2255, that he could litigate statute of limitations issues when he filed such a motion, and "that equitable tolling of the limitations period is only granted in rare and exceptional circumstances." (Docket Entry 221 at 1 & n.1.)

On July 17, 2014, the Court docketed Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"), which he signed as submitted to prison

---

[2] The envelope that conveyed said letter appears to bear a post-mark of August 15, 2013. (See Docket Entry 213-1.)

officials for mailing on July 7, 2014 (Docket Entry 242), along with a supporting memorandum (Docket Entry 244). The United States has moved for dismissal (Docket Entry 248) and, despite receiving notice of his right to respond (Docket Entry 249), Petitioner has not responded (see Docket Entries dated Nov. 21, 2014, to present). The Court should dismiss his Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts four grounds for relief: 1) "his sentence was enhanced by at least 6 points that did not qualify under 4A1.(3) [sic]" (Docket Entry 242, ¶ 12(Ground One)); 2) "a copy of the Presentence Investigation Report was not disclosed to him 7 or 10 days prior to the date for sentencing, and [he] did not waive any minimum period for such disclosure" (id., ¶ 12(Ground Two)); 3) "[the Court] did not allowed [sic] [him] to speak freely or otherwise in [h]is own behalf on the date the excessive 117 month sentence was pronounced" (Docket Entry 244 at 11); and 4) he received ineffective assistance of counsel because his attorney (A) "ignor[ed] [Petitioner's] desire to appeal the excessive 117 months sentence" (id. at 16), (B) "decline[d] to argue as he ha[d] promise [sic] in favor of the 117 month sentence" (id.), (C) "fail[ed] to foster [Petitioner's] inherently constitutional rights of allocation [sic]" (id.), (D) "failed or refused to develop relevant and specific objections to the contents of the PSI [Presentence Investigation Report] . . . that were based on the quantity and quality of the drugs" (id.; see also id. at 6

("[C]ounsel was ineffective for failure to request an evidentiary hearing to determain [sic] the factor's [sic] of the correct drug quantity amounts that belongs [sic] to [Petitioner].")), and (E) failed to "thoroughly investigate[] the matter of this case and the applicable [l]aws [such that counsel did not] discover that the indictments were returned by an unconstitutional [sic] selected, drawn, summoned or impaneled grand jury" (id. at 18; see also id. at 21 ("[C]ounsel should have objected to the unconstitutional composition selection process of the grand jurors in secret and in violation of [] [P]etitioner's] right to Due [P]rocess. Counsel should have filed a motion to dismiss the indictment . . . as tho [sic] court, nor the government and its prosecutor have been vest [sic] tho [sic] authority by a Congressional Legislative 'statute' or Law to summon, draw, select and impanel a grand jury in secret to inquire into offense against the criminal Law of the United States alleged to have been committed within their District.")).

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period to file a claim under Section 2255 commenced (at the latest) on or about July 9, 2012, 90 days after the Fourth Circuit dismissed his appeal (at which point his time to seek certiorari review passed). See Clay v. United States, 537 U.S. 522 (2003). That one-year period expired on or about July 9, 2013, more than a month before Petitioner filed his procedurally-defective motion seeking relief based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and nearly a year before he submitted his Section 2255 Motion. Accordingly, if Paragraph (1) of Subsection 2255(f) applies, Petitioner's Section 2255 Motion is untimely (absent any showing of entitlement to equitable tolling, see generally Holland v. Florida, 560 U.S. 631 (2010) (discussing equitable tolling in analogous context of 28 U.S.C. § 2244(d))).

Petitioner does not argue that Paragraph (2) of Subsection 2255(f) applies to his Section 2255 Motion. (See Docket Entry 242, ¶ 18; Docket Entry 244.) Instead, he apparently seeks delayed accrual under Paragraphs (3) or (4) of Subsection 2255(f) and/or equitable tolling, in that he declares, under the heading

5

"Timeliness of Motion," that his Section 2255 Motion "is being brought within 1 year since [he] discovered the newly approved substantial change of law." (Docket Entry 242, ¶ 18; see also Docket Entry 244 at 4 ("Substantial change of law that features Alleyne vs. United States of America and gives this Honorable Court the Authority to grant [] Petitioner's [Section 2255] Motion to reduce sentence based on substantial change of law.").) To the extent Petitioner invokes Paragraph (3) of Subsection 2255(f) based on the decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), that request fails because "Alleyne has not been made retroactively applicable to cases on collateral review," United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013); see also 28 U.S.C. § 2255(f)(3) (limiting its application to Supreme Court decisions "made retroactively applicable to cases on collateral review"); United States v. Thomas, Nos. 3:14CV345FDW, 3:92CR284FDW3, 2014 WL 2931077, at *2 (W.D.N.C. June 30, 2014) (unpublished) ("[The] [p]etitioner contends that the petition is timely under § 2255(f)(3) because it was filed within one year of Alleyne. Section 2255(f)(3) does not apply to render the petition timely, as Alleyne has not been held to be retroactive on collateral review." (internal citation omitted)), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014).

Nor could Petitioner rely on any change in the law affected by Alleyne to secure either delayed accrual under Paragraph (4) of

6

Subsection 2255(f) or equitable tolling. See Whiteside v. United States, ___ F. 3d ___, ___, 2014 WL 7245453, at *2-7 (4th Cir. 2014) (en banc) (holding that court rulings generally do not trigger application of Paragraph (4) of Subsection 2255(f) or warrant equitable tolling); United States v. Mitchell, No. 2:01CR82-2, 2014 WL 5106402, at *4 (D. Vt. Oct. 10, 2014) (unpublished) (deeming equitable tolling unavailable because "the circumstance of the new rule announced in Alleyne is not extraordinary . . . [particularly given that] § 2255(f)(3) covers the possibility of new rights announced by the Supreme Court"); Edwards v. United States, No. 3:12CV717WHA, 2014 WL 5113607, at *3 (M.D. Ala. Sept. 29, 2014) (unpublished) (declining to grant equitable tolling as to Alleyne claim because "judicial decisions where a defendant is a non-party do not constitute extraordinary circumstances"); United States v. Lester, No. 1:04CR70, 2014 WL 988633, at *2 (W.D. Va. Mar. 13, 2014) (unpublished) ("[T]he court decision[] in . . . Alleyne . . . [is] not [a] fact[] for purposes of § 2255(f)(4) . . . .").[3]

---

[3] In any event, to the extent Petitioner cites Alleyne in connection with a challenge to the application of 21 U.S.C. § 841(b)(1)(A), that claim would fail on the merits because (as documented above) Count One of his Indictment charged him with conspiracy to distribute 280 grams or more of cocaine base and he admitted responsibility for that type and quantity of drugs in his plea. See United States v. Moncada-Delarosa, 582 F. App'x 493, 493-94 (5th Cir. 2014) ("[The defendant] admitted to facts that established a statutory minimum sentence . . . and no judicially found facts increased the statutory minimum sentence. Accordingly,
(continued...)

Further, Alleyne has no bearing on most of the grounds for relief articulated in Petitioner's Section 2255 Motion (and related memorandum) and thus Alleyne provides no basis for delayed accrual under Paragraphs (3) or (4) of Subsection 2255(f) or equitable tolling as to those claims. See generally Capozzi v. United States, 768 F.3d 32, 33 (1st Cir. 2014) ("We now join all of the other circuits that have decided the question, and we hold that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis."). Finally, Petitioner has not articulated any other rationale (besides the decision in Alleyne) for delayed accrual under Paragraphs (3) or (4) of Subsection 2255(f) or equitable tolling (see Docket Entry 244) and the record reveals

---

[3](...continued)
[the defendant's Alleyne] argument is foreclosed." (internal citation omitted)); Barnhill v. United States, Nos. 7:10CR75D, 7:14CV24D, 2014 WL 3919911, at *4 (E.D.N.C. Aug. 11, 2014) (unpublished) ("Alleyne holds that any fact supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. [The petitioner's] criminal information alleged the drug type and quantity . . . that subjected [him] to a five-year mandatory minimum sentence. [He] knowingly and voluntarily waived his right to a jury determination of this fact by pleading guilty, and his guilty plea satisfied the government's burden of proof."). Alternatively, if Petitioner's invocation of Alleyne concerns calculations under the advisory Guidelines, his claim again lacks merit, "[a]s Alleyne had no effect on Guidelines enhancements," United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179-80 (4th Cir.), cert. denied sub nom., Haith v. United States, ___ U.S. ___, 135 S. Ct. 385 (2014), and Jeffries v. United States, ___ U.S. ___, 135 S. Ct. 313 (2014); United States v. Hailey, 563 F. App'x 229, 231 (4th Cir. 2014); United States v. Allen, 567 F. App'x 175, 177 n.2 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 300 (2014).

8

none. Under these circumstances, Paragraph (1) of Subsection 2255(f) applies to the claims in Petitioner's Section 2255 Motion and renders them untimely.

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 248) be granted and that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 242) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 30, 2015